## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Carol R. Bevins

v.

Partridge, Jones & Assocs., Ltd.

December 21, 1990

Case No. (Law) 4611

By JUDGE JAY T. SWETT

On November 28, 1990, we met to hear argument on defendant's demurrer. More specifically, the defendant has moved to dismiss those portions of plaintiff's motion for judgment seeking to recover damages for emotional distress, humiliation, and loss of professional reputation. Prior to arguing the matter, plaintiff indicated she was abandoning the claim for emotional distress and humiliation. Argument then proceeded on the issue of whether loss of professional reputation was a recoverable element of damages under the facts pled in the motion for judgment. Defendant's plea of the statute of limitations was reserved for later disposition.

It is not entirely clear to the court whether plaintiff is seeking to recover under alternative theories of contract and negligence or just breach of contract. The letters submitted by counsel arguing their respective positions appeared to assume that plaintiff has pled theories of contract as well as tort. Therefore, the court will decide the issue under both.

Plaintiff contends that in October of 1987, she entered into a contract with defendant under which defendant would provide accounting services. Plaintiff contends that in January, 1988, defendant filed an incorrect form

with the Internal Revenue Service which later caused the IRS to levy on plaintiff's bank account for alleged past due withholding taxes. Plaintiff contends the IRS action "precipitated plaintiff's financial collapse." In addition. to the improper filing of the IRS form, plaintiff seeks $500,000.00 in damages as a result of the actions of defendant. The issue presented here is whether damage to "her professional and personal reputation" is recoverable under her contract or tort theory.

Whether damage to reputation is recoverable in the breach of contract claim depends on whether damages to reputation constitute direct or consequential damages. This determination is one for the court to determine. *C. & P. Telephone v. Sisson & Ryan, Inc.*, 234 Va. 492, 505 (1987). Direct damages in a breach of contract action are those which naturally and ordinarily arise from a breach of contract. They are those damages "which arise 'naturally' or 'ordinarily' from a breach of contract; they are damages which, in the ordinary course of human experience, can be expected to result from a breach." *Roanoke Hospital v. Doyle & Russell*, 215 Va. 796, 801 (1975). On the other hand, consequential damages "arise from the intervention of special circumstances not ordinarily predictable." *Morris v. Mosby*, 227 Va. 517, 523 (1984). In a contract action, consequential damages are recoverable only where "the special circumstances were within the contemplation of both parties executing the contract." *Id*. at 523.

Here plaintiff contends that when she employed defendant in October of 1987, she agreed to pay $300.00 per month in exchange for professional accounting and financial services. Defendant allegedly filed the incorrect form in January of 1988 resulting in the levy in July of 1988. If plaintiff is successful in proving that the incorrect form filed in January, 1988, constituted a breach of contract and that the breach caused the IRS levy in July of 1988, then plaintiff ought to be able to recover for those direct damages which would naturally and ordinarily arise from filing an incorrect IRS form. However, the court concludes that damages for loss of professional reputation would fall, at best, in the category of consequential damages. As such, they would not be recoverable, if recoverable at all, unless the parties specifically

contemplated such damages when they entered into the contractual relationship in October of 1987. This was not alleged in the motion for judgment. Therefore, the court concludes that loss of professional reputation, constituting at best a consequential damage, would not be recoverable in plaintiff's breach of contract claim.

As to the claim of negligence, the court reaches the same conclusion based on similar reasoning. Plaintiff's claim for professional malpractice, while sounding in tort, arises out of the contractual relationship between plaintiff and defendant. Plaintiff relies on the decisions of *Bonhiver v. Graff*, 248 N.W.2d 291 (Minn. 1976), to argue that loss of business reputation may be recoverable in an accountant malpractice claim. This court concludes that *Bonhiver* is not persuasive or is at least distinguishable. Plaintiff in *Bonhiver* was an insurance agent who sold certain policies while relying on representations made by the State Insurance Commissioner. The evidence indicated that the commissioner in turn relied upon information and statements made by a certified public accountant firm. The firm made assurances and representations concerning the solvency of the agent's general insurer. When the insurer eventually failed, the agent claimed that his professional reputation was injured and sought to recover for the damage to his reputation from the accounting firm. The agent eventually recovered $10,000.00 in damages for loss of his business reputation. What is unique in *Bonhiver* is that the accounting firm's assurances and representations were made at the time when the insurer's solvency had been seriously questioned and were made to the insurance commissioner for the express purpose of alleviating concerns regarding the stability of the insurer. It was in reliance upon those assurances that the agent sold additional policies. Shortly thereafter, the insurer collapsed.

Here, the circumstances are substantially different from those in *Bonhiver*. The defendant accounting firm was hired to perform general accounting services. If the plaintiff proves that the services were performed negligently, plaintiff should be entitled to recover damages that would flow as a proximate cause of defendant's negligent actions. Loss of reputation has not been recoverable as a damage in a tort action. The only exception would be

in a defamation action. That action, however, is unique in tort law as it specifically recognizes that damage to one's reputation will likely occur in an action for libel or slander. Such is not the case here.

Accordingly, based on the pleadings as presently filed, the court concludes that loss of professional reputation is not a recoverable item of damages in this action.